```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAMAR GLOVER,

                    Petitioner,
                                        DECISION AND ORDER
       -vs-                             No. 6:04-CV-6329(MAT)

GARY FILION, Superintendent,

                    Respondent.
_____
```

## I.  Introduction

Petitioner Lamar Glover ("Glover") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by Magistrate Judge Victor E. Bianchini on August 14, 2009.[1] Glover v. Filion, No. 04-CV-6329(VEB), 2009 WL 2512858 (W.D.N.Y. Aug. 14, 2009). Judgment dismissing the petition was entered August 17, 2009. Glover did not pursue an appeal to the Second Circuit.

On August 10, 2012, Glover filed a motion to vacate the judgment (Dkt #16) pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b)(6)"). This case was transferred to the undersigned on March 14, 2014. As discussed further below, the Court finds that Glover cannot show the "extraordinary circumstances" required for relief under Rule 60(b)(6), and therefore his motion to vacate must be denied.

---

[1] The parties consented to final disposition of the habeas petition by a magistrate judge pursuant to 28 U.S.C. § 636(c). See Dkt #13.

**II. Background**

    **A.   State Criminal Proceedings**

Glover was convicted following a jury trial on charges of second degree murder and second criminal possession of a weapon. On direct appeal, Glover's conviction was unanimously affirmed. His subsequent application for a writ of error <u>coram</u> <u>nobis</u> challenging appellate counsel's effectiveness was summarily denied.

    **B.   Federal Habeas Proceeding**

Glover then filed a <u>pro se</u> petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising essentially the same claims he asserted on direct appeal and in his <u>coram</u> <u>nobis</u> application. Magistrate Judge Bianchini rejected Glover's weight of the evidence claim as not cognizable on habeas review. With regard to Glover's claims based on prosecutorial misconduct and the denial of his right under New York Criminal Procedure Law ("C.P.L.") § 380.50(1) to make a statement at sentencing, the magistrate judge held that these claims were procedurally defaulted because the Appellate Division relied upon an adequate and independent state ground (the contemporaneous objection rule) to deny them. Magistrate Judge Bianchini also held that the C.P.L. § 380.50(1) claim was not cognizable on federal habeas review. Finally, the magistrate judge rejected Glover's ineffective assistance of appellate counsel claim as without merit. Specifically, Magistrate Judge Bianchini found that appellate counsel was not deficient in failing to argue that

trial counsel erroneously failed to raise a justification defense, since such a defense was not plausible given the proof developed at trial.

**III. Discussion**

    **A.    The Rule 60(b) Standard**

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Subsection (6) of Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This subsection thus "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks and alteration omitted). Before a movant can avail himself of Rule 60(b)(6), however, he must present the court with "extraordinary circumstances." Gonzalez, 545 U.S. at 536; see also Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

In habeas corpus proceedings, Rule 60(b) is further limited by the restrictions placed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on the filing of second or successive

applications under section 2254. See Gonzalez, 545 U.S. at 530-33. A post-judgment motion may only be treated as a proper request for relief under Rule 60(b) if it "relates to the integrity of the federal habeas proceeding, not to the integrity of the criminal trial." Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004).

**B.   Petitioner's Rule 60(b)(6) Motion**

Glover grounds his Rule 60(b)(6) motion on the Supreme Court's March 2012 decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), and argues that it requires the Court to excuse the procedural default that prevented substantive review of certain of his habeas claims.  In Martinez, the Supreme Court carved out a limited exception to the rule stated in Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) that ineffective counsel in post-conviction proceedings cannot constitute "cause" to excuse a procedural default. Specifically, Martinez held that when a state *requires* a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances: (1) where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of trial-level ineffective assistance; and (2) where appointed counsel in the initial-review collateral proceeding (where the claim should have been raised) was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). Martinez, 132 S.Ct. at 1318. Under

either set of circumstances, the petitioner also must demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is "substantial, which is to say that the [petitioner] must demonstrate that the claim has some merit." Id.

In his Decision and Order denying Glover's habeas petition, Magistrate Judge Bianchini concluded that two of Glover's claims were procedurally barred. One of these claims was dismissed without reaching the merits; the other was found, in any event, to be subject to dismissal as not cognizable on federal habeas review. Since Glover's argument in support of his Rule 60(b)(6) motion addresses the magistrate judge's conclusion that he could not examine the merits of one of Glover's claims, the Court is satisfied that Glover's motion attacks the integrity of the federal habeas proceedings and is properly within the ambit of Rule 60(b). E.g., Figueroa v. Walsh, 2013 WL 2250208 (E.D.N.Y. May 22, 2013).

### C.   Petitioner Has Not Shown "Extraordinary Circumstances"

In effect, Glover contends that the Supreme Court's 2012 decision in Martinez constitutes "extraordinary circumstances" for purposes of Rule 60(b)(6). As an initial matter, the Court is not convinced that Martinez has application in this case. Martinez recognized a "narrow exception" to the rule that ineffective assistance of counsel *on collateral review* does not constitute *cause* excusing a procedural default. 132 S. Ct. at 1315. The Supreme Court explained that it created this exception to Coleman

to acknowledge "as an equitable matter, that the initial review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." Id. at 1318. Thus, where state law bars a defendant from raising claims of ineffective assistance of trial counsel on direct appeal, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1320; see also, e.g., Dansby v. Norris, 682 F.3d 711, 729, adhered to on denial of reh'g sub nom. Dansby v. Hobbs, 691 F.3d 934 (8th Cir. 2012).

New York law is unlike Arizona law, which was at issue in Martinez. Under Arizona state law, all claims of ineffective assistance of trial counsel must be brought in post-conviction collateral proceedings. Under New York law, some claims of ineffective assistance can be brought on direct appeal; indeed, some claims of ineffective assistance of trial counsel–namely, those that are apparent on the appellate record–must be brought on direct appeal. See Sweet v. Bennett, 353 F.3d 135, 140-41 (2d Cir. 2003). Here, however, Glover was not faced with a procedurally defaulted claim of ineffective assistance of trial counsel. Instead, Glover's prosecutorial misconduct claim was found to be

procedurally defaulted because trial counsel did not object contemporaneously.

Even assuming Glover is correct that Martinez applies to his case, the Court finds that it does not constitute "extraordinary circumstances." In Gonzalez, the habeas petitioner brought a Rule 60(b)(6) motion after his petition had been dismissed as untimely, arguing that a change in precedent that would allow consideration of his petition qualified as "extraordinary circumstances." Id. at 527-28. The Supreme Court explained that "the District court's interpretation was by all appearances correct under the [circuit court's] then-prevailing interpretation [of the habeas statute]". Id. at 536. It was "hardly extraordinary" that, after the petitioner's case ceased to be pending, the Supreme Court arrived at a different interpretation. Id. Indeed, as the Supreme Court has noted, "intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997); see also Marrero Pichardo v. Ashcroft, 374 F.3d 46, 56 (2d Cir. 2004) ("[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6).").

Here, Glover's federal habeas proceedings had been completed for approximately three years before the Supreme Court issued its decision in Martinez. As noted above, New York is not one of those

jurisdictions affected by Martinez in which an ineffective assistance of trial counsel claim must be raised, if at all, in a collateral proceeding. In light of these factors, the Court finds that the Martinez decision is not an extraordinary circumstance meriting the invocation of Rule 60(b)(6). See also See Adams v. Thaler, 679 F.3d 312, 320 (5th Cir. 2012) ("[T]he Martinez decision is simply a change in decisional law and is not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6).") (quotation marks omitted).

As Glover cannot satisfy a necessary element of a Rule 60(b)(6) claim, his motion must be denied. Accord, e.g., Alston v. Lee, No. 01 Civ. 2889(SHS), 2013 WL 3009739, at *2 (S.D.N.Y. June 13, 2013); Figueroa v. Walsh, No. 00-CV-1160 (NGG), 2013 WL 2250208, at *3 (E.D.N.Y. May 22, 2013); Jackson v. Ercole, No. 09-CV-1054 (MAT), 2012 WL 5949359, at *4 (W.D.N.Y. Nov. 28, 2012). Finally, the Court notes that it has considered Glover's motion under the other subsections of Rule 60(b) and finds that he has demonstrated no new or different facts or circumstances; newly discovered evidence; or mistake, inadvertence, surprise, or excusable neglect to warrant vacatur of the judgment. Nor has Glover established any other reason justifying relief. Glover thus fails to present a valid basis for the Court to vacate its prior judgment dismissing the petition.

## IV. Conclusion

For the foregoing reasons, Glover's Motion to Vacate (Dkt. #16) is denied with prejudice.

**SO ORDERED.**

                                        S/Michael A. Telesca

                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge

DATED:    March 27, 2014
            Rochester, New York